## IN THE SUPERIOR COURT OF GUAM

IN THE MATTER OF THE ESTATE, )
)
OF )
)
RADHI P. HEMLANI, )
)
Deceased. )
)
)

**PROBATE CASE NO. PR0123-13**

**DECISION AND ORDER**

### INTRODUCTION

This matter came before the Honorable James L. Canto II on Vasudev B. Hemalni and P.D. Hemlani Foundation's objections to appointment of executor, filed on January 22, 2014. Oral arguments were heard on March 10, 2014. Attorney Jeffery A. Cook represented himself, Attorney Rodney J. Jacob appeared on behalf of P.D. Hemlani Foundation, Ltd., Attorney Leevin Camacho represented Vasudev B. Hemalni, and Attorney Rachel M. Taimano-Auyu represented Jack P. Hemlani. Supplemental briefing was allowed to be filed by March 17, 2014. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

### BACKGROUND

On September 16, 2013, Jeffrey A. Cook (hereinafter "Cook") filed a petition for probate of the estate of Radhi P. Hemlani (hereinafter "Radhi"), with will annexed, and for his appointment as the executor of the estate. Subsequently, Jack P. Hemlani, P.D. Hemlani Foundation (hereinafter "PDHF"), Marcelene C. Santos in her capacity as the Public Guardian of Radhi until her death, Kamulesh K. Hemlani, and Vasudev B. Hemlani (hereinafter "Vashi") (hereinafter together referred to as "Objectors") in various capacities filed an objection to the named executor and an objection to the probate of the annexed will.

Pursuant to a hearing on January 8, 2014, the Court held that the objection to the named executor shall be ruled upon before the Court considers the will contest. (Hr'g, Record Log at 10:09:16, Jan. 8, 2014).


ORIGINAL

On January 22, 2014, Vashi filed an objection to the appointment of executor. Vashi argues that Cook is unfit to act as executor because he has already been adjudged by the guardianship court as being improvident and having a want of integrity. (Obj. to Appt. of Executor, 2, Jan. 22, 2014).

Also on January 22, 2014, PDHF filed a supplemental objection to the petition to appoint Cook as executor. PDHF argues that Cook should not be appointed executor because he will not loyally serve the estate. (Supp. Obj. to Appt. of Executor, 10, Jan. 22, 2014). Specifically, PDHF contends that: (1) Judge Anita A. Sukola's order preventing Cook from representing Radhi in any fiduciary capacity precludes him from serving as executor of the estate; and (2) Cook's conflicts of interest render him incapable of loyally serving the estate. *Id.* at 10-16.

On February 5, 2014, Cook filed a response to the various objections to his appointment as executor. Cook argues that the objections are unsupported and that he should be appointed to serve as executor because: (1) the deceased's choice of executor of her will should be honored; (2) evidence exists to show that Radhi intended to give gifts to family members and not give everything to charity; (3) there is no evidence that the Superior Court of Guam ever made a finding that Radhi was incompetent or incapacitated; (4) there is no evidence that Petitioner cannot or will not perform the duties of executor of Mrs. Hemlani's will; (5) Judge Sukola's order relied on reports from the Public Guardian, which relied on misrepresentations from the Objectors that Radhi's charitable intent was not being followed by Cook as her counsel; and (6) as an executor, Cook owes no fiduciary duty to Radhi, who is now deceased. (Petitioner's Response, 1-7, Feb. 5, 2014).

On February 19, 2014, PDHF filed a reply. PDHF maintains that: (1) the Superior Court previously removed him as counsel for his conflicts in all capacities as Radhi's fiduciary; (2) Cook's on-going conflicts have never been fully disclosed or adequately waived; (3) Cook remains a debtor of the Estate and subject to claims; (4) Cook is part of a documented scheme to corrupt the intentions of the decedent. (PDHF's Reply, 1-5, Feb. 19, 2014).

Also on February 19, 2014, Vashi filed a reply. Vashi challenges Cook's ability to serve



as executor because: (1) the guardianship court found it necessary to appoint the office of the Public Guardian and new legal counsel in order to provide Radhi with independent representation; (2) there is a judicial finding removing Cook from acting on behalf of Radhi in any capacity; and (3) it is undisputed that Cook wrongfully assisted in the transfer of assets. (Vashi's Reply, 1-3, Feb. 19, 2014).

**DISCUSSION**

**I.      Requirements to Serve as Executor**

Title 15, Chapter 17 of the Guam Code governs the appointment of executors of an estate. 15 GCA § 1701 *et seq.* (2013). The statute specifically proscribes that "[n]o natural person is competent to serve as an executor who … is adjudged by the Superior Court of Guam incompetent to execute the duties of the trust by reason of drunkenness, improvidence, or want of understanding or integrity." 15 GCA § 1701(c)(5) (2013). The Guam Code fails to define the terms "improvidence" or "want of understanding or integrity," and the Court is also without guidance from the Supreme Court of Guam as to the interpretation and application of this section of the statute. Thus the Court will look to other jurisdictions for guidance.

Under California law, a court may deny appointment of a personal representative if the personal representative would be subject to removal, such as by a conflict of interest that is sufficient to require removal. CAL. PROB. CODE § 8402 cmt. (West 2013). Thus whenever an objection is made to the appointment of an executor, "the underlying issue for conflict of interest purposes is whether the executor has sought to advance his or her self-interest at the expense of the estate." *Baker Manock & Jensen v. Super. Ct. of Fresno Cnty.*, 96 Cal.Rptr.3d 785, 791 (Ct.App. 2009) (citations omitted) (internal quotations omitted). In New York, the term "improvidence" has been employed in its Surrogate's Court Procedure Act, and is defined "as being that which would be likely to render the estate unsafe and liable to be lost or diminished." *In re Estate of Badore*, 341 N.Y.S.2d 970, 977 (Surr. Ct. 1973); *see also* N.Y. SURR. CT. PROC. ACT § 707 (McKinney 1995).

Viewing the instant case, Judge Anita A. Sukola issued an order on November 6, 2012 in *In re Matter of Hemlani*, SP 0195-11, which reiterated that court's previous order that Cook



be relieved from his representation of Radhi and any future representation of her in any capacity, whether personal or fiduciary, to all litigation in which she has involvement. *In re Matter of Hemlani*, SP 0195-11, at 1 (Super. Ct. Guam Nov. 6, 2012). This Court recognizes that, as an executor, Cook's duty is to serve Radhi's estate. However, this prior order by Judge Sukola casts doubt upon Cook's ability to faithfully and loyally serve the intentions of Radhi in the administration of her estate. Cook's competence as an executor is made even more questionable by a reading of the final report of the Public Guardian in SP0195-11, which describes Cook's violation of Judge Sukola's orders. (Obj. to Pet. By PDHF, Exhibit 3 at 4-5, Oct. 29, 2013). Cook admits these violations. (Decl. of Jeffrey A. Cook, 16, Feb. 5, 2014).

Furthermore, Cook previously represented the estate of P.D. Hemlani (hereinafter "P.D.") in a different matter. (Decl. of Jeffrey A. Cook, 2, Feb. 5, 2014). Under the current petition for probate of the estate of Radhi with will annexed and for Cook's appointment as the executor of the estate, 50% of certain property is due and owing to the re-opened estate of P.D. (Pet. For Prob., 3, Sept. 16, 2013). In a similar manner, it appears that Radhi's estate has a claim to 50% of the assets in the estate of P.D. (Decl. of Jeffrey A. Cook, 6-7, Feb. 5, 2014). Cook reasons that the Radhi's estate's claim to one half of assets in the estate of P.D. does not create a conflict because it was always Radhi's position that everything Radhi and P.D. owned was community property to which she is entitled to a one-half share. *Id.* However, this does not change the fact that the estate of Radhi has a claim upon the estate of P.D., and the position taken by the estate of P.D. regarding what constitutes community property and the division of such property may be different from Radhi's position. As former counsel for the estate of P.D., Cook's ability to faithfully maintain his fiduciary duty to the estate of Radhi is placed into question, especially when Cook's representation of his current client may have materially adverse effects upon his former client.[1]

---

[1] Rule 1.9(a) of the Guam Rules of Professional Conduct states as follows: "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." Guam R. Prof'l Conduct 1.9(a). The Court was not presented with any evidence demonstrating that the estate of P.D. gave such an informed consent.



It bears noting that the decedent's right to appoint an executor shall not be disregarded lightly. *In re Estate of Badore*, 341 N.Y.S.2d at 977. A single conflict of interest, such as a landlord-tenant relationship between the executor and the testatrix, is not in and of itself a sufficient cause to decline appointment of an executor. *Id.* However, when numerous conflicts of interests exist, such as in the present case where the executor is in a position of divided loyalty, the Court finds sufficient facts to warrant the removal of the appointed executor. 15 GCA § 1701(c)(5) (2013); *In re Estate of Badore*, 341 N.Y.S.2d at 977. Thus the Court finds that Cook is not competent to serve as executor of Radhi's estate.

///

///

///

**CONCLUSION**

Based upon the foregoing, the objections to the appointment of Jeffrey A. Cook as executor are hereby GRANTED. This matter is set for further proceedings on July 16, 2014 at 9:00 a.m.

**SO ORDERED** this _10TH_ day of July, 2014.

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of: T. Torpley, R. Ayuyu, L. Camacho, R. Jacob, Cunliff & Cook

Date: 7-10  Time: 3:40pm

Deputy Clerk, Superior Court of Guam

ORIGINAL